Empire State Building Corporation, Respondent, v. City of New York et al., Appellants.

First Department, November 1, 1966.

*Stanley Buchsbaum* of counsel (*J. Lee Rankin, Corporation Counsel,* attorney), for appellants.

*Irving Constant* of counsel (*Max J. Rubin* and *Abraham G. Levin* with him on the brief; *Rubin, Wachtel, Baum & Levin,* attorneys), for respondent.

RABIN, J.   Defendants appeal from an order of Special Term which granted plaintiff's motion for summary judgment in this action brought by the plaintiff to declare invalid the provisions of sections I46–4.0 and I46–6.0 of the Administrative Code of the City of New York.

This action arose as a result of the attempt of the City of New York to impose a real property tax upon plaintiff as grantee in a transaction with the United States.   The city seeks to impose this tax on plaintiff, pursuant to title I of chapter 46 of the Administrative Code, which provides for the payment of a tax on transfers of real estate, and which provides for exemption as follows:

" Exemptions — a.   The following shall be exempt from the payment of the tax imposed by this title and from filing a return:

" 2.   the United States of America.   Provided, however, that the exemption of such governmental bodies or persons shall not relieve a grantee from them of liability for the tax or from filing a return " (Administrative Code, § I46–6.0).

It is the plaintiff's contention that the afore-mentioned section goes beyond the legislative authorization, as expressed in the enabling act (L. 1934, ch. 873, § 1, as amd.), which authorizes the city to impose the real property transfer tax, in that under the enabling act this transaction would be exempt from such tax.

The enabling act, in relevant part, provides for the following exemptions:

" This act shall not authorize the imposition of a tax on any transaction by or with the following:

" (a) The state of New York, or any public corporation (including a public corporation created pursuant to agreement or compact with another state or the Dominion of Canada), improvement district or other political subdivision of the state where it is the purchaser, user or consumer;

(b) the United States of America, insofar as it is immune from taxation ". (L. 1934, ch. 873, § 1, as amd. by L. 1952, ch. 742, § 5.)

We are in agreement with the plaintiff's contention that the city in attempting to tax the transaction herein involved acted in contravention of the enabling act and that, therefore, the tax imposed is illegal.

The enabling act, in clear and definite terms, provides for an exemption of a "transaction by or with the United States of America insofar as it is immune from taxation." The contention is made that this clause should be read as follows: "This act shall not authorize the imposition of a tax on any transaction by or with the United States of America insofar as [the transaction] is immune from taxation." However the clause as read in this manner would have no meaning at all. All that the provision — if so read — would accomplish would be to exempt a transaction which is already exempt. Why then a provision under which only the United States would be exempt when it is already immune from taxation?

The plaintiff, we believe, correctly interprets the pronoun " it " to refer to the United States with the consequence that the entire transaction would be exempt. Such an interpretation is meaningful, for, in some circumstances the United States does waive immunity from taxation (see, e.g., section 425 of title 31 of the United States Code, providing for State taxation of certain notes of national banking associations), in which event the transaction would not be exempt.

Indeed, the statute as read in this manner is in conformity with the section immediately preceding it, with respect to a transaction by or with the State of New York (L. 1934, ch. 873, § 1, as amd. by L. 1959, ch. 369, § 5, subd. [8], par. a) wherein the word " it " refers to the governmental body. Likewise, it is evident that in the statute as amended (referring to the exemption of a transaction by or with the United States) the word " it " can be read in no other manner. (Tax Law [1965], § 1230.)

A comparison of the provision in question with the provision exempting a transaction by or with the State of New York

:

mandates the finding that the intent of the statute was to exempt the grantee as well as the United States. A real estate transaction where the State is involved is exempt only when the State of New York is the purchaser, user or consumer. Such words limiting the exemption are not to be found where the United States is concerned. The failure of the statute to include words to such effect indicates that a broader exemption was intended.

As above indicated, we hold that in the circumstances the entire transaction is exempt. When the Legislature wanted to permit the imposition of taxes on a party dealing with the Government it knew how to do it, as is evidenced by section 1230 of the Tax Law (1965).

We consider the section under consideration in this case quite clear. However, if there should be any merit to the claim that it is ambiguous, then the tax law (this being a special tax) should be construed against the taxing authority (*Matter of Mergentime,* 129 App. Div. 367, affd. 195 N. Y. 572), and even in such event the plaintiff should not be subject to the tax imposed.

Accordingly, the order appealed from should be affirmed with costs and disbursements to the respondent.

STEUER, J. (dissenting). The question arising in this action for a declaratory judgment is whether the defendant City of New York may collect a tax imposed on real estate transfers, on the plaintiff as purchaser of certain realty from the United States. The city derives its power from an enabling act (L. 1934, ch. 873, § 1, as amd.). The act originally allowed the city to tax conveyances of real property. In 1952 it was amended to provide certain exemptions. The amendment reads, in part:

" This act shall not authorize the imposition of a tax on any transaction by or with the following:

" a. The state of New York, or any public corporation (including a public corporation created pursuant to agreement or compact with another state or the Dominion of Canada), improvement district or other political subdivision of the state where it is the purchaser, user or consumer;

" b. The United States of America, insofar as it is immune from taxation." (L. 1952, ch. 742, § 5.)

The balance of the act is not applicable to the situation.

The implementing act (Local Laws, 1959, No. 49 of City of New York) provides that the tax shall be paid by the grantor. Where the grantor is exempt, the tax shall be paid by the grantee. The act further provides that the United States is exempt but that a grantee from the United States is liable for the tax.

Clearly, under this last provision plaintiff here would be liable for the tax, but just as clearly only in the event that the enabling act allowed the city to enforce collection on one buying from the United States.

To construe the enabling act it may be helpful first to set out the applicable exempting provision as a continuing sentence, which would read: " This act shall not authorize the imposition of a tax on any transaction by or with the United States of America, insofar as it is immune from taxation ". While the sentence is not entirely clear in that the word " it " could refer to either of the two preceding substantives (" transaction " and " United States of America "), to make good sense from the context the pronoun must refer to the former. The United States is completely immune from taxation. Persons dealing with the United States may or may not be. So where the tax is in terms levied upon the transaction, a person who is a party to that transaction is immune when the transaction has been made immune, and otherwise not. Once it is recalled that the State Legislature which enacted the enabling act had no power to declare which transactions with the United States were taxable and which were not, paragraph b becomes understandable and clear, especially when read in conjunction with paragraph a. This last paragraph, dealing with transactions with the State over which the Legislature enjoys complete power, grants exemption in finite terms to some transactions and denies it to others. As regards the United States, where it could not overrule an exemption granted by the United States, it yields to any such exemption which has been or may be granted and limits the imposition of the tax to such instances where the United States has failed to provide for immunity.

On the question of whether the Federal laws provide for an immunity, it is conceded that there is no specific act of Congress which would cover this transaction. In the absence of such legislation it is now the rare case where one dealing with the United States enjoys immunity from State taxation because of the governmental character of the transaction (*Oklahoma Tax Comm.* v. *Texas Co.*, 336 U. S. 342). Whether the tax is on the proceeds of the transaction with the United States (*James* v. *Dravo Contr. Co.*, 302 U. S. 134) or placed on the transaction itself (*Alabama* v. *King & Boozer*, 314 U. S. 1; *Colorado Bank* v. *Bedford*, 310 U. S. 41) makes no difference — both are collectible by the State. The United States having failed to grant immunity to the persons dealing with it, the transaction is not immune and the tax is collectible.

The argument that imposition of the tax will affect the price at which the Government will hereafter be able to sell land is no longer available (*James* v. *Dravo Contr. Co., supra,* p. 160). Nor is there validity to the claim that this amounts to double taxation on the ground that the plaintiff here, when it comes to sell the land, will as vendor be liable to the tax. Two separate transactions are involved. The second may not even be taxable if, perchance, plaintiff should sell to the State of New York, to one of its subdivisions or agencies, or to a charitable corporation.

The judgment should be reversed and the petition dismissed, with costs and disbursements.

BOTEIN, P. J., and BREITEL, J., concur with RABIN, J.; STEUER, J., dissents in opinion in which WITMER, J., concurs.

Order and judgment affirmed, with $50 costs to the respondent.